UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES**,<br><br>v.<br><br>**TAREK ABOU-KHATWA**,<br><br>Defendant. | Criminal No. 18-cr-67 (TSC) |

**OPINION & ORDER**

In November 2019, a jury convicted Defendant Tarek Abou-Khatwa on 22 counts related to a sophisticated and deliberate health insurance fraud scheme that he orchestrated as the head of an insurance-brokerage firm. *See United States v. Abou-Khatwa*, 40 F.4th 666, 671, 673–74, 674 n.3 (D.C. Cir. 2022). Although the court granted Abou-Khatwa's repeated requests to postpone his sentencing and then his self-surrender, Abou-Khatwa was sentenced to 70 months incarceration in May 2021, and finally ordered to report to prison in February 2022.[1] After less than sixteen months behind bars, the Bureau of Prisons placed Abou-Khatwa on home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security Act. Not satisfied with his greater freedom, Abou-Khatwa filed the instant motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). Def.'s Mot. to Reduce Sentence, ECF No. 223 ("Def.'s Mot."). Not long after that, Abou-Khatwa was remanded to prison for violating a condition of his home confinement. Gov't's Opp'n at 8, ECF No. 231. Although Abou-Khatwa is eligible for a sentence reduction under § 3582(c)(2), the court

---

[1] The court also sentenced Abou-Khatwa to 36 months supervised release, restitution in the amount of $3,836,709.34, and forfeiture in the amount of $8,402,966.73.

Page **1** of **4**

finds that such a reduction is not warranted in light of the circumstances of this case and the sentencing factors under 18 U.S.C. § 3553(a). His motion is therefore DENIED.

## I. LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(2), the court may reduce a term of imprisonment if the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." This inquiry involves two steps. *Dillon v. United States*, 560 U.S. 817, 826–27 (2010). First, the court determines the defendant's "eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827; *see also* U.S.S.G. § 1B1.10. Second, if the defendant is eligible, the court evaluates whether a sentence reduction is warranted in light of the circumstances of the case and the § 3553(a) sentencing factors. *Id.* at 826–27. "Courts generally may 'not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range.'" *Id.* at 827 (quoting U.S.S.G. § 1B1.10(b)(2)(A)).

## II. ANALYSIS

At step one, the parties agree that Abou-Khatwa is eligible for a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines. *See* Def.'s Mot. at 3; Opp'n at 9. Amendment 821 provides for a two-point offense-level reduction for certain offenders who have zero criminal history points. *See United States v. Bauer*, 714 F. Supp. 3d 1, 4 (D.D.C. 2024). Amendment 821 applies retroactively. *See id.* Abou-Khatwa qualifies as a zero-point offender. *See* U.S.S.G. § 4C1.1; *see also* Sent'g Tr. at 29 (noting that Abou-Khatwa has zero criminal history points). Therefore, had Amendment 821 been in effect at the time he was sentenced, his guideline range would have been 57 to 71 months, rather than 70 to 87 months. *See* U.S.S.G. Ch. 5, Pt. A – Sent'g Tab.; *see also* Sent'g Tr. at 36. Accordingly, the court may his sentence to as low as 57 months imprisonment. *See* U.S.S.G. § 1B1.10(b)(2)(A)

But that does not end the inquiry. The court must still consider the § 3553(a) sentencing factors and evaluate whether a sentence reduction is warranted based on the circumstances of this case. *Dillon*, 560 U.S. at 826–27. The sentencing factors include (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant; (3) the need for the sentence imposed; (4) the kinds of sentences available; (5) the sentencing range established; (6) any Sentencing Commission policy statements; (7) the need to avoid sentencing disparities among defendants; and (8) the need to provide restitution. 18 U.S.C. § 3553(a). These factors counsel strongly against a sentence reduction.

To start, Defendant's crimes were serious and motivated by greed. Despite making "a handsome living" and "enjoy[ing] a life of great privilege," Defendant engaged in a years-long, calculated scheme to line his pockets with millions of fraudulently obtained dollars. *See* Sent'g Tr. at 66–67; *see also id.* at 70 (recognizing that Abou-Khatwa's "very, very sophisticated and deliberate and intentional scheme" resulted in "very large losses"). He defrauded not only a large insurance company but also his "small mom-and-pop business[]" clients. *Id.* at 65. His current sentence of 70 months imprisonment—within the amended guidelines range—appropriately reflects the severity of his crimes.

Although Abou-Khatwa contends that he is a changed man who has now shown remorse, *see* Def.'s Mot. at 9, the court is troubled by his conduct while on home confinement, *see Pepper v. United States*, 562 U.S. 476, 492 (2011) (noting that post-sentencing conduct provides "the most up-to-date picture" of a defendant's history and characteristics). The company that supervised Abou-Khatwa's home confinement found that he failed to disclose information regarding his wife's employment status and his financial situation. *See* Bureau of Prisons Exhibit, ECF No. 225-2 *SEALED*. And despite being allowed to go to the gym and restaurants with his family—

among many other permitted outings—Abou-Khatwa repeatedly emailed his supervision team to complain about restrictions on his freedom. *See id.* Defendant's persistent sense of entitlement and victimhood shows that he still has not taken full accountability for his crimes.

The court agrees with Abou-Khatwa that given his age, lack of criminal history, and other characteristics, he does not pose a serious risk of recidivism or a danger to the community. *See* Def.'s Mot. at 8–9; Reply at 1–2. But the court already took these considerations into account in fashioning a sentence of 70 months imprisonment. *See* Sent'g Tr. at 72 ("I don't think there's a real serious risk of recidivism."). Nothing has changed with regard to these considerations that would warrant a sentence reduction.

Finally, Abou-Khatwa notes that he is the primary caregiver for his wife, and that his incarceration has been difficult for his family and has taken a toll on his mental and physical health. Def.'s Mot. at 2, 11. The court does not minimize these hardships. It acknowledged at sentencing that prison would be hard on Abou-Khatwa and his family. Sent'g Tr. at 67–68. But it is important to note that hardships are common in criminal cases, and they are not particularly compelling here. Moreover, these hardships do not outweigh the seriousness of the Defendant's crimes and his inappropriate conduct while on home confinement.

### III.   CONCLUSION

Although the Defendant is eligible for a sentence reduction, such a reduction is not warranted given the circumstances of this case. The Defendant's motion is therefore DENIED.

SO ORDERED.

Date: October 24, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge